**No. 24-6375**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

TERRENCE EDWARD HAMMOCK,
Plaintiff-Appellant,
v.

ZOWIE BARNES et al.,
Defendants-Appellees.

---

# MOTION FOR LEAVE TO FILE FORMAL BRIEFING

---

Regina Wang
Brian Wolfman
GEORGETOWN LAW APPELLATE
COURTS IMMERSION CLINIC
600 New Jersey Ave., NW
Suite 312
Washington, D.C. 20001
(202) 661-6582

Counsel for Plaintiff-Appellant

October 8, 2024

**MOTION FOR LEAVE TO FILE FORMAL BRIEFING**

Appellant Terrence Edward Hammock respectfully moves this Court for leave to file a formal Opening Brief to be filed by undersigned counsel, and any Reply Brief that may later be useful or necessary. This motion should be granted for these reasons:

**1.** Mr. Hammock recently secured representation by the Georgetown Law Appellate Courts Immersion Clinic (ACIC), an appellate-litigation clinic at Georgetown University Law Center.

**2.** Counsel has agreed to represent Mr. Hammock because they believe his case presents serious legal questions that would benefit from formal, counseled briefing, including:

- whether the district court erred in holding that Mr. Hammock failed to state a Fourteenth Amendment conditions-of-confinement claim based on the food he was served as a pretrial detainee, *see Hammock v. Barnes*, No. 22-cv-0482, ECF 41, at 13-14, where Mr. Hammock complained he was served rotten food that sickened him several times and caused him to lose weight, *see id.*, ECF 1, at 3-4; ECF 7-2, at 3; *Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (citing *Bolding v. Holshouser*, 575 F.2d 461 (4th Cir. 1978)) ("Allegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim");
- whether the district court erred in holding that Mr. Hammock failed to state a First Amendment religious-liberty claim, *see id.*, ECF 41, at

15-17, because he was not able to attend Jumu'ah prayer services from September 2019 to February 2022, *see id.*, ECF 1, at 4-5, *id.*, ECF. 24-1, at 7; *see Greenhill v. Clarke*, 944 F.3d 243, 251-52 (4th Cir. 2019) (remanding to provide the prison an opportunity to demonstrate that its reasons for denying access to Jumu'ah services were "in furtherance of a compelling government interest" and "the least restrictive means of furthering that compelling government interest"); *Wilcox v. Brown*, 877 F.3d 161, 169 (4th Cir. 2017);

- whether the district court erred in holding that Mr. Hammock's Eighth Amendment inadequate-medical-care claim against Defendant Zowie Barnes was barred by res judicata, where Barnes was not a party to any prior litigation, *see id.*, ECF 67, at 11, 15-18; *Taylor v. Sturgell*, 553 U.S. 880 (2008); and
- whether this Court should remand for the district court to determine whether Barnes is entitled to summary judgment on Mr. Hammock's Eighth Amendment inadequate-medical-care claim based on his consistent reports of pain from a broken internal hernia filter, sciatica in his legs, and an eye injury due to an assault by his cellmate, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

**3.** Given these issues and others, counsel believes that formal briefing would improve this Court's ability to fashion an informed opinion.

**4.** At ACIC, Georgetown Law students take principal responsibility for researching and drafting briefs under attorney supervision. ACIC has

substantial experience representing clients before this Court, including in *Lucas v. VHC Health*, No. 24-1128 (pending); *Hollis v. Morgan State University*, No. 24-1476 (pending); *Balbed v. Eden Park Guest House,* 881 F.3d 285 (4th Cir. 2018); and *Lyons v. The Johns Hopkins Hospital,* 712 F. App'x 287 (4th Cir. 2018).

**5.** ACIC plans to assign students to work on this brief when they return from their mid-semester break on October 15, 2024. Because the students assigned to this appeal will be new to the case, they will be required to familiarize themselves with the legal issues, review the materials on the district-court docket, and then produce a draft of an opening brief for review by undersigned counsel and others. Mr. Hammock therefore requests that the formal opening brief (and any necessary appendix) be due on **December 6, 2024**.

* * *

For these reasons, Mr. Hammock requests this Court grant leave for his attorneys to file a formal Opening Brief on his behalf by December 6, 2024.

Respectfully submitted,

/s/ Regina Wang
Regina Wang
GEORGETOWN LAW APPELLATE
COURTS IMMERSION CLINIC
600 New Jersey Ave., NW
Suite 312
Washington, D.C. 20001
(202) 661-6741
regina.wang@georgetown.edu

Counsel for Plaintiff-Appellant

October 8, 2024